IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA  :
:
v.  :  1:14CR129-1
:
SHUFORD MIAL WALL  :

The United States Attorney charges:

1. At all times material to this Information, SHUFORD MIAL WALL was a resident of Guilford County, in the Middle District of North Carolina.

2. At all times material to this Information, Colonial Life and Accident Insurance Company ("Colonial Life") was an insurance company in the business of selling insurance products with an office and place of business in Columbia, South Carolina.

3. From on or about February 9, 2010, up to and including on or about May 10, 2011, the exact dates unknown, SHUFORD MIAL WALL worked as an insurance agent qualified to sell Colonial Life insurance products.

SCHEME AND ARTIFICE TO DEFRAUD

4. From on or about February 9, 2010, up to an including on or about May 10, 2011, the exact dates unknown, in the Middle District of North Carolina and elsewhere, SHUFORD MIAL WALL did devise and intend to devise a scheme and artifice to defraud Colonial Life of money by inducing Colonial Life by materially false and fraudulent

pretenses, representations and promises to pay insurance premiums and sales performance bonuses under the pretense that SHUFORD MIAL WALL had written certain group insurance policies enrolling new corporate clients in Colonial Life group insurance policies when in fact, as SHUFORD MIAL WALL then well knew, such corporate clients did not actually exist, but were falsified by SHUFORD MIAL WALL and others for the purpose of making it appear that SHUFORD MIAL WALL and others had written new group insurance policies to fraudulently induce Colonial Life to pay insurance premiums and performance bonuses to SHUFORD MIAL WALL.

5. It was a part of the scheme and artifice to defraud that that SHUFORD MIAL WALL and others would create a false and fictitious business that SHUFORD MIAL WALL would falsely and fraudulently represent to be interested in purchasing a Colonial Life group life insurance policy for its employees.

6. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL would prepare and submit a Colonial Life Account Information Form ("AIF") to Colonial Life for the fictitious business.

7. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL would falsely and fraudulently prepare the AIF with information purporting to be corporate information regarding the fictitious business purchasing insurance. However,

2

as SHUFORD MIAL WALL then well knew, the corporate information placed on the AIF was false and had been placed on the AIF by SHUFORD MIAL WALL.

8. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL would and did provide Colonial Life with a person purporting to be an officer or owner of the fictitious business when in fact, as SHUFORD MIAL WALL then well knew, such persons were not officers or owners of the business purportedly purchasing insurance from Colonial Life.

9. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL would coach such persons on how to falsely and fraudulently present themselves to Colonial Life as officers and operators of businesses purchasing group insurance.

10. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL would open Post Office boxes for the fictitious businesses to match the mailing address for the businesses provided by SHUFORD MIAL WALL to Colonial Life in the AIF.

11. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL would falsely and fraudulently represent to Colonial Life that at least three employees of the fictitious businesses would receive life insurance benefits from the group life insurance policy issued by Colonial Life.

12. It was a further part of the scheme and artifice that SHUFORD MIAL WALL received commissions from Colonial Life on group life insurance policies issued by Colonial Life to fictitious businesses, while knowing that such businesses did not exist and that he had fraudulently induced Colonial Life to issue such policies.

13. It was a further part of the scheme and artifice that SHUFORD MIAL WALL received performance bonuses from Colonial Life on group life insurance policies issued by Colonial Life to fictitious businesses, while knowing that such businesses did not exist and that he had fraudulently induced by Colonial Life to issue such policies.

14. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL accepted and received approximately $37,000.00 from Colonial Life as premiums and bonuses from group life insurance policies issued to fictitious businesses by Colonial Life based on the false pretenses and false representations of SHUFORD MIAL WALL.

15. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL, in or about December 2010, the exact date unknown, submitted a false and fraudulent AIF for a business named "A New Dawn," High Point, North Carolina, knowing that such business did not in fact exist.

16. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL, on or about December 21, 2010, did submit an insurance application for a person whose initials are K.A.I. for accident coverage to Colonial Life under the false pretense that K.A.I. was an employee of "A New Dawn," when in fact, as SHUFORD MIAL WALL then well knew, K.A.I. was not an employee of "A New Dawn," which was a fictitious business.

17. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL, on or about December 21, 2010, did submit an insurance application for a person whose initials are K.A.I. for cancer coverage to Colonial Life under the false pretense that K.A.I. was an employee of "A New Dawn" when in fact, as SHUFORD MIAL WALL then well knew, K.A.I. was not an employee of "A New Dawn," which was a fictitious business.

18. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL, on or about December 21, 2010, did submit an insurance application for a person whose initials are K.A.I. for Hospital coverage to Colonial Life under the false pretense that K.A.I. was an employee of "A New Dawn" when in fact, as SHUFORD MIAL WALL then well knew, K.A.I. was not an employee of "A New Dawn," which was a fictitious business.

19. It was a further part of the scheme and artifice to defraud that, based on the fraudulent misrepresentations of SHUFORD MIAL

WALL, Colonial Life issued a group life insurance policy for "A New Dawn" with employee coverage for K.A.I.

20. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL did receive commissions and performance bonuses for selling "A New Dawn" group life insurance.

21. It was a further part of the scheme and artifice to defraud that SHUFORD MIAL WALL converted all of the commissions and bonuses paid to him by Colonial Life due to his fraudulent misrepresentations for his own use and benefit.

EXECUTION

22. On or December 21, 2010, in the County of Guilford, in the Middle District of North Carolina, SHUFORD MIAL WALL, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce from High Point, Guilford County, in the Middle District of North Carolina, to the offices of Colonial Life in Columbia, South Carolina, certain writings, signs, signals and sounds, that is: a facsimile "fax" consisting of an Colonial Life AIF for a fictitious business known as "A New Dawn."

All in violation of Title 18, United States Code, Sections 1343 and 2.

_____
FRANK J. CHUT, JR.
ASSISTANT UNITED STATES ATTORNEY

_____
RIPLEY RAND
UNITED STATES ATTORNEY